## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JANE DOE, | CASE NO. _____ |
| Plaintiff, | |
| v. | |
| GENESIS HEALTHCARE and 1526 LOMBARD STREET SNF OPERATIONS, LLC d/b/a POWERBACK REHABILITATION 1526 LOMBARD STREET, | |
| Defendants. | |

## <u>O R D E R</u>

AND NOW, this _____ day of _____, 20___, upon

consideration of the Motion of Plaintiff to Proceed Anonymously, and any Response thereto, it is

hereby **ORDERED** and **DECREED** that the Plaintiff's Motion is **GRANTED.**

It is **FURTHER ORDERED** and **DECREED** as follows:

1.  Plaintiff is permitted to file the Complaint so that the caption reflects the pseudonym, "Jane Doe";

2.  The parties shall file any and all pleadings and other documents with the Court using the pseudonym, "Jane Doe," and/or shall redact any pleadings and other documents filed of Plaintiff's name;

3.  Plaintiff is permitted to redact Plaintiff's address from the Complaint, and any amendment thereto.

BY THE COURT:

_____
, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| JANE DOE,<br><br>                          Plaintiff,<br><br>            v.<br><br>GENESIS HEALTHCARE and 1526 LOMBARD STREET SNF OPERATIONS, LLC d/b/a POWERBACK REHABILITATION 1526 LOMBARD STREET,<br><br>                          Defendants. | CASE NO. _____ |

## MOTION OF PLAINTIFF TO PROCEED ANONYMOUSLY

Plaintiff hereby files the instant Motion to Proceed Anonymously and incorporates by reference all of the arguments contained in the accompanying Brief and Declaration, as if the same were more fully set forth herein at length.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the pseudonym, "Jane Doe"; and permit Plaintiff to redact her home address from the Complaint and any amendment thereto.

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED:  02/05/2021          BY:     */s/ Justin F. Robinette ,Esquire*                          
**JUSTIN F. ROBINETTE, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Tel:  (215) 944-6121
Fax: (215) 944-6124
E-mail: JustinR@ericshore.com

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>          v.<br><br>GENESIS HEALTHCARE and 1526<br>LOMBARD STREET SNF OPERATIONS,<br>LLC d/b/a POWERBACK<br>REHABILITATION 1526 LOMBARD<br>STREET,<br><br>                    Defendants. | CASE NO. _____ |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

Plaintiff hereby files the instant Brief in Support of the Plaintiff's Motion to Proceed

Anonymously, and states as follows:

**I.     MATTER BEFORE THE COURT:**

Plaintiff's Motion to Proceed Anonymously, and Brief in Support Thereof.

**II.     QUESTION PRESENTED:**

1.     Whether Plaintiff should be permitted to proceed with a pseudonym and redact her home address from the Complaint because Plaintiff has kept her transgender status sufficiently confidential to justify anonymity.

Suggested Answer:  **YES.**

2.     Whether Plaintiff should be permitted anonymity based on Plaintiff's allegations of discrimination, harassment, and retaliation, on account of gender identity, and because Plaintiff has a legitimate fear of future retribution or harm.

Suggested Answer:  **YES.**

3.     Whether Plaintiff should be permitted anonymity based on medical privacy and/or HIPAA, with respect to her gender dysphoria ("GD").

Suggested Answer:  **YES.**

III.   **STATEMENT OF FACTS:**

Plaintiff files the instant request for anonymity in order to proceed under the pseudonym, "Jane Doe," in Plaintiff's Complaint.   Plaintiff identifies in the Complaint as a "transgender woman," and with "she," "her," "hers" pronouns.  See Pltf.'s Compl., para. 1, 15.

Plaintiff alleges that while she was employed as a Certified Nursing Assistant ("CNA"), for Genesis HealthCare and PowerBack Rehabilitation and Nursing Center, in Center City, Philadelphia, Plaintiff was repeatedly misgendered, discriminated against, harassed, and ultimately terminated on account of her gender identity.  See Pltf.'s Compl., e.g., at para. 16. Plaintiff alleges she receive none of the four (4) corrective opportunities which precede a termination while a number of cisgender individuals did.  See id. at para. 20-21.  Plaintiff points to direct evidence in the form of biased and discriminatory comments from Ms. Sandra Thomson, Director of Nursing ("DON"), regarding the circumstances of Doe's termination, in February 2020.  See id. at para. 16.

Doe alleged in the Complaint that, in February 2020, Ms. Sandra Thompson, Director of Nursing ("DON"), falsely accused Doe of making a comment about another employee behind their back.  See Pltf.'s Compl., at para. 16.  Doe denies making any such comment.  At the time, Doe denied making the comment to Ms. Thompson, and Ms. Thompson stated to Doe, "You look like someone that would say something like this." Doe responded, "What does a person who would say something like that look like?" Ms. Thompson said, "A person like you shouldn't be coming into work talking about anyone else's appearance," "A person like you should be coming into work staying below the radar, you are not here to get attention, you are here to do your work, and go home," "I don't care if you're offended," and "I don't care if your feelings are hurt."  See Pltf.'s Compl., at para. 16.

Plaintiff advances claims of discrimination and retaliation on account of sex/gender identity in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") under *Bostock v. Clayton County, Georgia*, 140 S.Ct. 1731, 2020 WL 3146686, at *3 (U.S. June 15, 2020). Plaintiff also advances claims of discrimination account of disability – *e.g.*, gender dysphoria ("GD") – under the Americans with Disabilities Act ("ADA"), and the Philadelphia Fair Practices Ordinance ("PFPO") which includes a prohibition discrimination on the basis of sex, sexual orientation, gender identity, and disability.

Plaintiff indicates in her Declaration attached in support of this Motion that she has kept her transgender status sufficiently confidential to justify anonymity.  Plaintiff indicates she tends to reveal to the public that she is female and not necessarily that she is transgender.  Plaintiff indicates in the Declaration that she legitimately fears future retaliation and possible violence if her identity is revealed in this lawsuit beyond an extent to which she is comfortable, and indicates in the Declaration that she would drop the lawsuit to avoid being outed.  See Pltf.'s Declaration, attached hereto as Exhibit "A," and redacted of Plaintiff's name and signature.

Plaintiff also suffers from gender dysphoria ("GD") which is a medical condition for which Doe is entitled to medical privacy.  See Pltf.'s Compl., at para. 44(e).

Due to the specific and articulable evidence and statistics which confirm that violence against transgender individuals has been on the rise, and due to the instances of misgendering, discrimination, and harassment Plaintiff faced during her employment with the Defendants, Plaintiff does fear violence or further retribution against her if her name and address are revealed in this lawsuit.  The facts herein are particularized in the instant case to this specific Plaintiff as evidenced by her Declaration, and the supporting anecdotal evidence and statistics provided include local anecdotal evidence and statistics from the City of Philadelphia, as well as national

4

statistics which corroborate Doe's concerns.  For these reasons, and those set forth below,

Plaintiff respectfully requests that this Honorable Court permit Plaintiff to adopt the pseudonym,

"Jane Doe," in this litigation, and to redact her address from the Complaint, and any amendment

thereto.

## IV.   LEGAL ARGUMENT:

It is well-recognized that a party may proceed under a pseudonym in a lawsuit when there

is a fear of social stigma resulting from disclosure of the party's sexual orientation or gender

identity.  See Doe v. Megless, 654 F.3d 404, 408-09 (3d Cir. 2011); see also Doe v. Borough of

Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

In Doe v. Megless, the Third Circuit Court of Appeals specifically relied on the Eastern

District of Pennsylvania's decision in Doe v. Borough of Morrisville, supra., for its holding that

cases involving a litigant's sexual orientation or gender identity were generally appropriate for

pseudonyms.  Megless, 654 F.3d at 408-09 (citing Doe v. Borough of Morrisville, 130 F.R.D. at

614)).

The Third Circuit in Doe v. Megless explained that a balancing test should be used when

deciding whether "a litigant has a reasonable fear of severe harm that outweighs the public's

interest in open litigation."  Megless, 654 F.3d at 408-09.  To proceed under a pseudonym, the

"plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is

reasonable.'"  Megless, 654 F.3d 404, 408 (citing Doe v. Kamehameha Sch./Bernice Pauahi

Bishop Est., 596 F.3d 1036, 1043 (9th Cir. 2010)); see also Doe v. United Servs. Life Ins. Co.,

123 F.R.D. 437, 438 (S.D.N.Y. 1988).

The Third Circuit in Megless adopted a "non-exhaustive" list of factors from Doe v.

Provident Life and Accident Insurance Company, 176 F.R.D. 464 (E.D. Pa. 1997), with respect

to evaluating whether anonymity is warranted, including as follows, with respect to factors that favor anonymity:

    (1)    The extent the litigant's identity has been kept confidential;

    (2)    The basis on which disclosure is feared or avoided, and its substantiality;

    (3)    The magnitude of the public interest in maintaining the litigant's confidentiality;

    (4)    Whether, due to the purely legal issues, there is an atypically weak public interest in knowing the litigant's identity; and

    (5)    Whether the litigant has illegitimate ulterior motives.

Megless, 654 F.3d at 409 (citing Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Furthermore, the following are factors which tend to disfavor anonymity:

    (1)    Whether there is universal public interest in accessing the litigant's identity;

    (2)    Whether, due to the subject matter, the litigant's status as a public figure, or otherwise, weighs strongly toward knowing [the litigant's] identity, beyond the [general] public interest; and

    (3)    Whether opposing counsel, the public, or the press is illegitimately motivated.

Megless, 654 F.3d at 409 (citing Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. at 467).

### A. Plaintiff's Gender Identity Should Be Kept Confidential in this Lawsuit, And Should Not Be Revealed In This Lawsuit As It Would Tend to Out Plaintiff As Transgender Beyond the Extent to Which Plaintiff Is Comfortable.

When deciding whether a litigant can proceed anonymously in a lawsuit, the court should consider "the extent to which the identity of the litigant has been kept confidential." Doe v. Megless, 654 F.3d 404, 409 (3d Cir. 2011).

Plaintiff also notes that a conditional grant of anonymity was recently permitted in transgender discrimination cases in this jurisdiction, including Doe v. The Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3-4 (E.D. Pa. 2018), and Doe v. Triangle Doughnuts,

LLC, No. 19-5275, ECF No. 23 (E.D. Pa. June 23, 2020).  Both are recent cases out of the

Eastern District of Pennsylvania, which involved transgender employees suing for hostile work

environment and wrongful termination, where the Court granted anonymity.  See also Doe v.

Parx Casino, No. 18-5289 (E.D. Pa. Jan. 2, 2019) (permitting anonymity for lesbian female with

a "masculine gender expression," in a hostile work environment and wrongful termination case,

due to fear of retribution even though the plaintiff was openly gay); Doe v. Dallas, 16-cv-787-

JCJ (E.D. Pa. Mar. 10, 2016) (Dkt. 3) (anonymity permitted for transgender litigant alleging

discrimination due to gender dysphoria ('GD') under the Affordable Care Act); Doe v.

Romberger, 16-cv-2337-JP (E.D. Pa. June 27, 2016) (Dkt. 8) (anonymity permitted for

transgender litigant challenging barriers to obtaining an accurate birth certificate); Roe v. Tabu

Lounge & Sports Bar, No. 20-3688, Dkt. No. 4 (E.D. Pa. Sept. 10, 2020) (anonymity permitted

for non-binary transgender litigant in hostile work environment and wrongful termination case);

Doe and Roe v. Colonial Intermediate Unit 20, et al., No. 20-1215, Dkt. No. 21 (E.D. Pa. August

25, 2020) (anonymity permitted for both mother and non-binary transgender child in

discrimination, failure-to-accommodate, and retaliation case against educational institutions).

　　　　Furthermore, the Middle District of Pennsylvania issued a decision granting a transgender

litigant anonymity, which is persuasive, and in that opinion, the Hon. Matthew W. Brann found

for the transgender employee that they could pursue their employment discrimination case under

a pseudonym.  See Doe v. Pa. Dep't of Corrections, No. 19-1584, 2019 WL 5683437 *1, *2

(M.D. Pa. Nov. 1, 2019) (Brann, J.).  The court held that pseudonyms were generally appropriate

in litigation surrounding transgender issues in particular, noting that "as litigation around

transgender issues has increased, so too have more courts permitted transgender plaintiffs to

proceed pseudonymously."  Id.  In Doe v. Department of Corrections, the court permitted a

transgender former employee of the Commonwealth of Pennsylvania, to proceed anonymously in

an employment discrimination case in which the employee alleged hostile work environment and

constructive discharge resulting from episodes of misgendering, and anti-transgender

discrimination and harassment.  Id.

Likewise, on January 14, 2020, the Middle District of Pennsylvania permitted a litigant to

proceed anonymously who is a current transgender employee of the Commonwealth of

Pennsylvania.  The employee alleges discrimination by the Commonwealth in its employer-

sponsored health plan which allegedly excluded coverage for gender confirmation surgery for

people who are transgender.  See Doe v. Commonwealth of Pennsylvania, et al., No. 19-2193,

Dkt No. 5 (M.D. Pa. Jan. 14, 2020) (Rambo, J.).  In Doe v. Commonwealth of Pennsylvania, the

Honorable Sylvia H. Rambo specifically relied on Judge Brann's prior decision in Doe v.

Department of Corrections in order to permit the litigant to proceed anonymously.  See id. at p.

3.  Judge Rambo reasoned, in Doe v. Commonwealth of Pennsylvania, that anonymity was

justified because the plaintiff in that case "fear[ed] that publicly disclosing his gender identity

places him at risk of being subjected to social stigma and violent attacks," and that "keeping his

name and address stricken from the pleadings would not impair the public's interest in following

lawsuits or the opposing parties' interest in investigating the case."  See id. at pp. 2-3.  While

Judge Rambo reasoned that "[t]he public may have an interest in following the state of the law

governing transgender people," Judge Rambo nevertheless recognized in that case that the public

"has very little interest in finding out the identity of a specific transgender person."  See id. at p.

3.  See also Doe v. Univ. of Scranton, Case No. 3:19-cv-01486, ECF No. 24 (M.D. Pa. Mar. 16,

2020) (anonymity permitted for adult LGBT student).

Plaintiff's request comports with other courts' grants of anonymity to transgender

litigants in this jurisdiction, as well as the Middle District of Pennsylvania.  Consistent with the cases above, Plaintiff respectfully contends that conditionally granting the instant Motion unless circumstances arise which otherwise warrant disclosure is appropriate at this time so that Plaintiff is not outed beyond an extent to which she is comfortable to pursue the instant litigation.

Plaintiff's Declaration, attached to this Motion as Exhibit "A.," provides specific and articulable facts which are sufficient to justify keeping the Plaintiff's gender identity confidential in the instant lawsuit.  Plaintiff alleges in the Declaration attached hereto as Exhibit "A," as follows:

1. I live and present myself to the public as a female, and not as a transgender person *per se*.  I do not tend to publicly identify myself as transgender.  My gender identity is something I tend to keep confidential.

2. As far as I can recall, I have only revealed the fact that I am transgender to my counsel, close friends, family, treating physicians, to employers to the extent necessary, in the past to the administrative agency regarding my driver's license, in order to get my gender marker changed on my driver's license, and to the court with respect to my name change.

3. I revealed I am transgender to administrative agencies to report discriminatory treatment due to the fact that I am transgender.

4. Although it is possible that there are some people who know that I am transgender, who I could be missing, I do not recall at this time telling anyone else that I am, in fact, transgender.

See Pltf.'s Decl., at Ex. "A," para. 1-4.  The Plaintiff's Declaration, attached hereto, has been redacted of Plaintiff's name and address.

Plaintiff's allegations, contained within her Declaration, are specific and articulable facts which demonstrate that Plaintiff keeps her transgender status sufficiently confidential to justify anonymity on this basis, and for this reason, Plaintiff's Motion should be granted.

**B.**     **Plaintiff Faces a Possible Risk of Stigma, Violence, or Retribution If Plaintiff's Gender Identity Is Disclosed In This Lawsuit Beyond An Extent To Which She Is Comfortable.**

As the Third Circuit explained in <u>Doe</u>, the "bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases," weigh in favor of allowing anonymity.  <u>Megless</u>, 654 F.3d at 409.

In a persuasive decision of the Eastern District of Pennsylvania, <u>Doe v. Parx Casino</u>, No. 18-5289, ECF No. 4 (E.D. Pa. Jan. 2, 2019) (Slomsky, J.), cited above, the Honorable Joel H. Slomsky recently permitted a lesbian plaintiff "with a masculine gender expression" to proceed under a pseudonym, in an alleged sexual-orientation discrimination case, although in that case the plaintiff could not show that she kept her sexual orientation sufficiently confidential because she admitted to being openly lesbian in her underlying discrimination complaint.  See <u>Doe v. Parx Casino</u>, No. 18-5289, ECF No. 4 (E.D. Pa. Jan. 2, 2019) (Slomsky, J.), at p. 2.  Instead, the plaintiff in <u>Doe v. Parx Casino</u> alleged that she "fears that if she were to proceed under her given name, she might face violence, intimidation, and retribution based on her sexual orientation." <u>See id.</u>  Although the defendant-employer in <u>Doe v. Parx Casino</u> did not oppose the request for anonymity, the defendant-employer did file a response including in the pertinent statement of facts, *inter alia*, that the plaintiff alleged she was "openly lesbian" in her complaint.  <u>See id.</u> at p. 3.  Nevertheless, the court in <u>Doe v. Parx Casino</u> considered the <u>Megless</u> list of factors to be a "non-exhaustive list," and therefore "not comprehensive."  <u>See id.</u> at pp. 2-3.  Confidentiality, or the degree to which a litigant has kept a certain matter confidential, is only <u>*one*</u> factor in the list of non-exhaustive <u>Megless</u> factors.

Judge Slomsky ruled in <u>Doe v. Parx Casino</u> that the plaintiff "has shown that she has a reasonable fear of harm if she were to litigate without a pseudonym" because she "alleges that

she has faced pervasive harassment based on her sexual orientation and the fact that she has a masculine gender expression," "[s]he alleges discriminatory conduct by co-workers that range from insults and name-calling to aggression, intimidation, and threats of physical violence," and "[a]s a result, she fears that proceeding anonymously will result in further threats, violence, and retribution." See id. at p. 3. This analysis was conducted independently of the question of confidentiality, which the plaintiff in Doe v. Parx Casino could not satisfy because she admitted she was being discriminated against because she was openly lesbian.

Furthermore, in a second recent, persuasive decision, Doe v. The Gardens for Memory Care at Easton, the Honorable Wendy Beetlestone of the Eastern District of Pennsylvania permitted a transgender employee to use a pseudonym in a wrongful termination and hostile work environment case based, in part, on evidence not of physical violence, but simply based on the fact that the "[p]laintiff sets forth a litany of comments and actions at work which she alleges were directed at her transgender status and which support the workplace discrimination claims she makes." See Doe v. The Gardens for Memory Care at Easton, Case No. 18-4027 (E.D. Pa. Sept. 21, 2018) (Beetlestone, J.), at p. 2, para. 5. In Doe v. The Gardens for Memory Care at Easton, the court ruled that, in addition to the weight of statistical and anecdotal evidence of anti-transgender violence and discrimination which the plaintiff had set forth in that case, the workplace harassment actually faced by the plaintiff in that case also factored into the court's decision to grant anonymity. Id.; see also Doe v. Univ. of Scranton, Case No. 3:19-cv-01486, ECF No. 24, p. 5 (M.D. Pa. Mar. 16, 2020) ("In addition to the record containing no indication that the plaintiff's allegations are unfounded, the court is well-aware of the threat of violence that the LGBTQ community can face. As such, we find plaintiff's reasons compelling for allowing him to proceed anonymously").

Like the transgender employee in <u>Doe v. The Gardens for Memory Care at Easton</u>, Plaintiff in the instant case points to evidence of discrimination, harassment, and retaliation faced in her workplace to support her request for anonymity in the instant case.  Plaintiff identifies that the conduct occurring in her workplace here amounted to discrimination based on sex against her in light of <u>Bostock v. Clayton Cnty., Ga.,</u> Consolidated Case Nos. 17-1618, --- S. Ct. ---, 2020 WL 3146686 (U.S. June 15, 2020).

Plaintiff also points to additional anecdotal evidence and statistics to buttress this request for anonymity, as did the plaintiff in <u>Doe v. The Gardens for Memory Care at Easton</u>.

More specifically, a Philadelphia transgender woman of color, Mia Green, was murdered on September 28, 2020, in the City of Philadelphia.[1]  She was murdered during the daytime in the City of Philadelphia.[2]  It was also made public in June 2020 that a Philadelphia transgender woman, Dominique Rem'mie Fells, was killed in Philadelphia.[3]  In July 2020, it was also reported that a Philadelphia transgender woman was shot near a motel in Philadelphia, and was reported in stable condition.[4]  On May 19, 2019, it was made public that a transgender woman and Philadelphia LGBTQ+ advocate, Michelle "Tamika" Washington, was shot and killed in

---

[1] https://www.out.com/transgender/2020/10/01/mia-green-29th-known-trans-person-killed-2020 (Last Accessed Oct. 12, 2020).

[2] <u>Id.</u>

[3] <u>See</u> https://www.fox29.com/news/police-investigating-murder-of-transgender-woman-dominique-remmie-fells; https://www.phillyvoice.com/dominique-remmie-fells-philly-suspect-akhenaton-jones-transgender-woman-homicide-schuylkill/ (Last Accessed July 29, 2020).

[4] <u>See</u> https://www.fox29.com/news/police-transgender-woman-shot-at-motel-in-northeast-philadelphia (Last Accessed July 29, 2020).

Philadelphia.[5]  On September 5, 2018, it was made public that a transgender woman, Shantee

Tucker, was shot and killed in Philadelphia.[6]

Statistics confirm that transgender individuals are more likely to suffer violence because

of their gender identity.[7]  It has been reported that 2018 was the deadliest year for transgender

individuals.[8]  Before then, the year 2017 was also on record then as the deadliest year for

transgender individuals.[9]  2016 was also reported at the time as the deadliest year for transgender

individuals.[10]  It is being reported that 2020 may see more reported deaths than the previous

year.[11]  Violence, including fatal violence, against LGBTQ+ people, is on the rise currently.[12]

---

[5] See https://www.inquirer.com/news/tamika-michelle-washington-transgender-woman-of-color-advocate-killed-north-philadelphia-20190521.html (Last Accessed July 29, 2020).

[6] See Shaw, Julie, "Philly cops seek killer of trans woman, say motive behind shooting unclear," *Philly.com* (Sept. 5, 2018) [http://www2.philly.com/philly/news/crime/shantee-tucker-philadelphia-shooting-trans-woman-old-york-road-hunting-park-20180905.html] (Last Accessed September 18, 2018).

[7] See McBride, Sarah, "HRC & Trans People of Color Coalition Release Report on Violence Against the Transgender Community," *Human Rights Campaign* (November 17, 2017; Updated January 2018) [https://www.hrc.org/blog/hrc-trans-people-of-color-coalition-release-report-on-violence-against-the] (Last Accessed September 18, 2018).

[8] See https://www.usatoday.com/story/news/2018/09/26/2018-deadliest-year-transgender-deaths-violence/1378001002/; https://www.cnn.com/2019/01/16/health/transgender-deaths-2018/index.html (Last Accessed July 29, 2020).

[9] See Human Rights Campaign, "Violence Against the Transgender Community in 2017," [https://www.hrc.org/resources/violence-against-the-transgender-community-in-2017] (Last Accessed September 18, 2018).

[10] See Thomson Reuters Foundation, "2016 was Reportedly the Deadliest Year Ever for Transgender People," *Huffington Post* (November 11, 2016) [http://www.huffingtonpost.com/entry/transgender-people-2016_us_5824f1c3e4b034e38990c47c] (Last Accessed September 18, 2018).

[11] See https://www.cbsnews.com/news/transgender-killed-in-2020-merci-mack-18-total/ (Last Accessed July 29, 2020).

[12] See Marzullo and Libman, Human Rights Campaign, "Research Overview:  Hate Crimes and Violence Against LGBTQ People" (2009), at page 2 [www.hrc.org/resources/hate-crimes-and-violence-against-lgbt-people] (Last Accessed September 18, 2018); Haeyoun Park and Iaryna Mykhyalyshyn, "LGBT People Are More Likely To Be Targets of Hate Crimes Than Any Other Minority Group," The New York Times (June 16, 2016) [https://www.nytimes.com/interactive/2016/06/16/us/hate-crimes-against-lgbt.html?_r=0] (Last Accessed September 18, 2018); Green, Emma, "The Extraordinarily Common Violence Against LGBT People in America:  The Attack on a Gay Club in Orlando on Sunday Is Not An Isolated Crime," The Atlantic (June 12, 2016)

Homicides of LGBTQ+ people have been on the rise since 2007.[13]  There has also been a rise in hate speech, and hate crimes, in the Philadelphia and surrounding metropolitan and suburban areas, in the last few years.[14]

As recently as November 2019, the FBI released a study reporting that 1 in 5 hate crimes were motivated by anti-LGBT bias.[15]  Hate crimes and violence have increased substantially in recent years.  The 2019 FBI study is located at the following link:  https://ucr.fbi.gov/hate-crime/2019/topic-pages/incidents-and-offenses.pdf.  For what it is worth, the definition of a hate crime in Pennsylvania does not expressly include sexual orientation or gender identity – only ethnicity – so this data may even be underreported.

---

[www.theatlantic.com/politics/archive/2016/06/the-extraordinarily-common-violence-against-lgbt-people-in-america/486722/] (Last Accessed September 18, 2018); J. Ravitz, "Before Orlando: The (former) deadliest LGBT attack in U.S. history (June 16, 2016) [www.cnn.com/2016/06/16/health/1973-new-orleans-gay-bar-arson-attack/index.html] (Last Accessed September 18, 2018); Kacala, Alexander, "There Have Already Been More Anti-LGBT Hate Crimes This Year Than All of 2016", available at [www.unicornbooty.com/anti-lgbt-hate-crimes/] (Last Accessed September 18, 2018); Prakash, Nidhi, "This Report Says More LGBT People Were Killed So Far in 2017 Than in All of 2016," *Buzzfeed News* (August 10, 2017), available at [www.buzzfeed.com/nidhiprakash/lgbt-deaths-mid-2017?utm_term=.ls000lgVL#.nuMBBORP7] (Last Accessed September 18, 2018); Wile, Rob, "It's Still Dangerous To Be Gay In America.  Here Are The Statistics That Prove It," *Splinter* (June 12, 2016), [www.splinternews.com/it-s-still-dangerous-to-be-gay-in-america-here-are-the-1793857468] (Last Accessed September 18, 2018); "Hate Crimes Rise in 9 Major US Cities in 2017, Preliminary Data Show," *Voice of America News* (January 6, 2018), available at [https://www.voanews.com/a/hate-crimes-rise-in-nine-major-us-cities-2017-preliminary-police-data/4195018.html] (describing violence against LGBT community) (Last Accessed September 18, 2018).

[13] Wile, Rob, "It's Still Dangerous To Be Gay In America.  Here Are The Statistics That Prove It," *Splinter* (June 12, 2016), [www.splinternews.com/it-s-still-dangerous-to-be-gay-in-america-here-are-the-1793857468] (Last Accessed September 18, 2018).

[14] Boren, Michael, "Since Trump, More Slurs, Signs and Discrimination in Philly," *Philly.com* (August 22, 2017), available at [www.philly.com/philly/news/crime/since-trump-more-slurs-and-discrimination-in-philly-20170822.html?mobi=true] (describing the "LGBT community" among the "most common targets") (Last Accessed September 18, 2017).

[15] See Fitzsimons, Tim, "Nearly 1 in 5 hate crimes motivated by anti-LGBTQ bias, study finds," *NBC News*, https://www.nbcnews.com/feature/nbc-out/nearly-1-5-hate-crimes-motivated-anti-lgbtq-bias-fbi-n1080891 (Last Accessed Jan. 5, 2021).

It has been reported that there has been a marked increase in hate crimes, with 2020 presenting the highest hate-crime rate in the United States in more than a decade.[16]

Out of an abundance of caution, Plaintiff wishes to point out that Plaintiff *does*, in point of fact, face an increased chance today of being subject to violence if Plaintiff is outed as transgender in this lawsuit beyond an extent to which she is comfortable.

Plaintiff has alleged a legitimate fear of violence, with particularity, which is sufficient to justify anonymity in this case.  Plaintiff respectfully requests that this Honorable Court permit her to adopt a pseudonym in this lawsuit, and to redact her home address from the Complaint.

### C.    The Public Interest In Maintaining The Confidentiality of Plaintiff's Identity.

According to Megless, when deciding the issue of anonymity, a court should also consider "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity . . . ."  Megless, 654 F.3d at 409.  Conversely, if "there is an atypically weak public interest in knowing the litigant's identit[y]," then this weighs in favor of permitting anonymity. Id.  Generally speaking, as above, individuals who are transgender are recognized as having a strong interest in confidentiality.  See, e.g., Doe v. Pa. Dep't of Corrections, No. 19-1584, 2019 WL 5683437 at *2 (M.D. Pa. Nov. 1, 2019); Doe v. Univ. of Scranton, Case No. 3:19-cv-01486, ECF No. 24, p. 6 (M.D. Pa. Mar. 16, 2020) ("Without the protection of anonymity, future such plaintiffs would likely decline to participate in the lawsuit, and the public's interest in ensuring that those responsible for sexual orientation discrimination are held responsible could remain suppressed."); Powell v. Schriver, 175 F.3d 107, 111 (2d Cir. 1999) ("[t]he Constitution does

---

[16] "US hate crime highest in more than a decade – FBI," *BBC News*, https://www.bbc.com/news/world-us-canada-54968498 (Nov. 17, 2020).

indeed protect the right to maintain confidentiality of one's [transgender status]"); <u>Doe v. Delie</u>,
257 F.3d 309, 315-16 (3d Cir. 2001) (transgender inmate entitled to medical privacy).

Consideration of the public interest here also leans toward confidentiality, and in favor of
Plaintiff.  In the instant case, as the Plaintiff is not a public figure, there is not a particularly
strong interest in revealing her identity.  <u>See</u> <u>Doe v. Provident Life and Acc. Ins. Co.</u>, 176 F.R.D.
464, 468 (E.D. Pa. 1997).  Furthermore, the public interest will best be served by ensuring
Plaintiff can proceed anonymously so that Plaintiff is not outed beyond an extent to which she is
comfortable, and others will be encouraged to participate in civil rights litigation without similar
fears.  Plaintiff represents in her Declaration that she might drop the lawsuit to avoid disclosure,
and justice would not be served in such a case.  <u>See</u> Pltf.'s Decl., at Ex. "A," para. 5. (Plaintiff
stated, "I fear there would be violence against me if my name and address are disclosed in this
lawsuit and I would drop the lawsuit to avoid being outed here beyond an extent to which I am
comfortable").

**D.   <u>Plaintiff Seeks To Keep Only A Limited Amount of Information Confidential.</u>**

Plaintiff only seeks to keep a limited amount of information private.  It is especially appropriate
to permit anonymity where a court can otherwise "keep the proceedings open to the public while still
maintaining the confidentiality of plaintiff's identity."  <u>See</u> <u>Doe v. Provident Life and Acc. Ins. Co.</u>,
176 F.R.D. 464, 468 (E.D. Pa. 1997).  In the instant case, Plaintiff is agreeable to conducting
depositions and trial with her name being used.  Plaintiff is also not requesting that this case be sealed.
The public will know everything about this case from court submissions, except the Plaintiff's name
and address.  Plaintiff therefore respectfully requests that she be permitted to keep her name and
address private in court filings.  The public can know about the facts and development of this case from

the docket activity but, as in <u>Doe v. Commonwealth of Pennsylvania</u>, <u>supra.</u>, there is very little interest in knowing a particular transgender litigant's identity like the Plaintiff here.

E.      **Plaintiff Also Requests to Keep Her Identity Confidential Pursuant to Plaintiff's Right of Medical Privacy, or HIPAA Rights, Which it is Necessary to Balance in Order to Permit Plaintiff to Pursue Her Gender Dysphoria ("GD"), or Disability-Based Discrimination, Harassment, and Retaliation <u>Claims.</u>**

Plaintiff further seeks to keep her identity private because of Plaintiff's interest in medical privacy.  Plaintiff's identity should not be disclosed to the public under these facts.  <u>See</u> 45 CFR Part 160, Subparts A and E of Part 164; 45 C.F.R. 160.103 (the Health Insurance Portability and Accountability Act, or HIPAA).  A similar medical privacy argument was raised by a transgender plaintiff in a recent employment discrimination case, out of the Eastern District of Pennsylvania, in <u>Doe v. The Hospital of the University of Pennsylvania</u>, Case No. 19-2881 (E.D. Pa. 2019) (Dkt. 11).  The Court granted the anonymity request in that case.  <u>See</u> <u>Doe v. The Hospital of the University of Pennsylvania</u>, Case No. 19-2881 (E.D. Pa. Dec. 9, 2019) (Dkt. 27).  Plaintiff in the instant action is advancing a similar medical privacy argument.  It is well-recognized that the potential social stigma associated with certain mental health conditions can also independently justify anonymity. <u>See</u> <u>Doe v. United Behavioral Health</u>, No. 10-5192, 2010 WL 5173206 (E.D. Pa. Dec. 10, 2010); <u>Doe v. Provident Life and Accident Insurance Company</u>, 176 F.R.D. 464 (E.D. Pa. 1997); and <u>Doe v. Hartford Life & Accident Insurance Company</u>, 237 F.R.D. 545 (D.N.J. 2006).

Plaintiff's medical diagnosis and the fact that her gender dysphoria was not accommodated is a relevant legal issue in this case.  Plaintiff has a strong interest in not having her identity revealed in this lawsuit, thereby associating Plaintiff with the potential stigma of

having a health condition such as gender dysphoria.  This is an additional reason to grant anonymity in the instant case.

**V.      CONCLUSION:**

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the pseudonym, "Jane Doe"; and permit Plaintiff to redact her address from the Complaint.

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED:  02/05/2021          BY:     */s/ Justin F. Robinette ,Esquire*
**JUSTIN F. ROBINETTE, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Tel:  (215) 944-6121
Fax: (215) 944-6124
E-mail: JustinR@ericshore.com

*Attorney for Plaintiff*

18

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

Undersigned counsel sought concurrence in the instant Motion to Proceed Anonymously from Counsel for Defendant, Genesis HealthCare.  Counsel for Defendant, Genesis HealthCare, did not consent to the relief requested herein.

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED: <u>02/05/2021</u>          BY:     <u>*/s/ Justin F. Robinette ,Esquire*</u>
**JUSTIN F. ROBINETTE, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Tel:  (215) 944-6121
Fax: (215) 944-6124
E-mail: JustinR@ericshore.com

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Justin F. Robinette, Esquire, Attorney for Plaintiff, do hereby certify that on this <u>5th</u> day of <u>FEBRUARY</u>, <u>2021</u>, Plaintiff's Motion of Plaintiff to Proceed Anonymously, together with the Brief in Support thereof, and any accompanying documents, were filed using the Court's electronic filing system, and sent via the method set forth below, on the date set forth below or as soon thereafter as service can be effectuated:

### *VIA E-MAIL ONLY*

Karen P. Gaster,
Deputy General Counsel, Employment and Litigation,
Genesis Administrative Services LLC,
101 East State Street,
Kennett Square, PA 19348,
karen.gaster@genesishcc.com;

### *VIA FIRST CLASS MAIL*

1526 Lombard Street SNF Operations, LLC d/b/a PowerBack Rehabilitation 1526 Lombard
Street,
1526 Lombard Street,
Philadelphia, PA 19146

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED: <u>02/05/2021</u>          BY:     *<u>/s/ Justin F. Robinette ,Esquire</u>*
                                        **JUSTIN F. ROBINETTE, ESQUIRE**
                                        Two Penn Center
                                        1500 JFK Boulevard, Suite 1240
                                        Philadelphia, PA 19102
                                        Tel:  (215) 944-6121
                                        Fax: (215) 944-6124
                                        E-mail: JustinR@ericshore.com

                                        *Attorney for Plaintiff*