# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br><br>     Plaintiff,<br><br>v.<br><br>GENESIS HEALTHCARE and 1526 LOMBARD STREET SNF OPERATIONS, LLC d/b/a POWERBACK REHABILITATION 1526 LOMBARD STREET,<br><br>     Defendants. | CIVIL ACTION<br><br>No.:  2:21-cv-00551-CMR |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Genesis Healthcare, Inc. (incorrectly identified in the Complaint; hereinafter "Genesis HealthCare") and 1526 Lombard Street SNG Operations LLC d/b/a PowerBack Rehabilitation 1526 Lombard Street ("PowerBack"), through their undersigned counsel, answer the Complaint of Plaintiff, Jane Doe,[1] as follows:

## AS TO THE "PARTIES"[2]

1. Defendants admit only that Plaintiff is an adult individual. Defendants lack sufficient knowledge and information to form a belief regarding the truth of the remaining allegations in Paragraph 1 of the Complaint and therefore deny those allegations.

---

[1] Plaintiff has filed a motion to proceed anonymously, which remains pending. (ECF No. 2.)

[2] Defendants use the headings in Plaintiff's Complaint for the convenience of the reader, and no admission of any fact or assertion is made or implied thereby.

2. Defendants admit only that Genesis HealthCare is a corporation in the healthcare field, maintains a principal place of business at 101 East State Street, Kennett Square, PA, and that Plaintiff was employed by PowerBack for a period of time at PowerBack's facility located at 1526 Lombard Street, Philadelphia, PA. Defendants otherwise deny the allegations in Paragraph 2 of the Complaint, and specifically deny that Genesis HealthCare ever employed Plaintiff.

3. Defendants admit only that PowerBack operated a facility located at 1526 Lombard Street, Philadelphia, PA and that it employed Plaintiff for a period of time. Defendants otherwise deny the allegations in Paragraph 3 of the Complaint.

4. Defendants admit only that PowerBack provided post-hospital rehabilitation and medical care at 1526 Lombard Street, Philadelphia, PA 19146 and that Plaintiff was employed by PowerBack for a period of time as a Certified Nursing Assistant ("CNA"). Defendants otherwise deny the allegations in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint, as they characterize written documents that speak for themselves.

6. Defendants admit only that in response to the Charge of Discrimination Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"), PowerBack submitted a Position Statement that was signed by Traci Fegley and Chris Donato of Genesis Administrative Services LLC. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. The allegations contained in Paragraph 7 of the Complaint are conclusions of law to which no response is required.

8. The allegations contained in Paragraph 8 of the Complaint are conclusions of law to which no response is required.

9.      The allegations contained in Paragraph 9 of the Complaint are conclusions of law to which no response is required.

10.      The allegations contained in Paragraph 10 of the Complaint are conclusions of law to which no response is required.

11.      Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 11 of the Complaint as the term "[a]t all times relevant hereto" is undefined, and therefore deny the allegations.

12.      The allegations contained in Paragraph 12 of the Complaint are conclusions of law to which no response is required. To the extent Paragraph 12 contains factual allegations, they are denied. With respect to Plaintiff's allegations concerning Exhibit A, Defendants deny the allegations as they characterize a written document that speaks for itself.

## AS TO "COUNT I"

13.      Defendants incorporate by reference their responses to the preceding paragraphs as though set forth fully herein.

14.      Defendants admit only that Plaintiff began employment with PowerBack as a CNA at 1526 Lombard Street, Philadelphia, PA 19146, on or about February 19, 2019.  Defendants deny that Plaintiff was employed by Genesis HealthCare and otherwise deny the allegations in Paragraph 14 of the Complaint.

15.      Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the allegations.

16.      The allegations contained in Paragraph 16 of the Complaint and its subparts are conclusions of law to which no response is required. To the extent Paragraph 16 and its subparts contain factual allegations, they are denied.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint that Plaintiff was wrongfully discharged/terminated, and with respect to the remaining allegations Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations and therefore deny them.

19.     Defendants admit only that Plaintiff's union mentioned a grievance involving Plaintiff. Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 19 of the Complaint and therefore deny them.

20.     Defendants admit only that PowerBack determined that Plaintiff's conduct warranted termination of employment. Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint and its subparts, and specifically deny Plaintiff's characterization of the disciplinary actions of the pleaded individuals, including that the allegations characterize written documents that speak for themselves, and that such individuals are "similarly situated". With respect to Plaintiff's allegations that the pleaded individuals are cisgender, Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations and therefore deny them.

22.     Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 22 of the Complaint regarding Plaintiff's recollection. Defendants otherwise deny the allegations in Paragraph 22.

**WHEREFORE,** Defendants request that the Court enter judgment in their favor, dismiss the Complaint in its entirety with prejudice, award costs, and grant such other relief as the Court deems just and equitable.

## AS TO COUNT II

23.     Defendants incorporate by reference their responses to the preceding paragraphs as though set forth fully herein.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants admit only that Plaintiff was suspended from employment with PowerBack on or about February 13, 2020 and that Plaintiff's employment was terminated on or about March 2, 2020.  Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 29 of the Complaint and therefore deny the allegations.

30.     Defendants admit only that Plaintiff's union mentioned a grievance involving Plaintiff.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 30 of the Complaint and therefore deny them.

31.     Defendants admit only that PowerBack determined that Plaintiff's conduct warranted termination of employment.  Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint and its subparts, and specifically deny Plaintiff's characterization of the disciplinary actions of the pleaded individuals, including that the allegations characterize written documents that speak for themselves, and that such individuals are "similarly situated". With respect to Plaintiff's allegations that the

pleaded individuals are cisgender, Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations and therefore deny them.

**WHEREFORE,** Defendants request that the Court enter judgment in their favor, dismiss the Complaint in its entirety with prejudice, award costs, and grant such other relief as the Court deems just and equitable.

## AS TO COUNT III

33.     Defendants incorporate by reference their responses to the preceding paragraphs as though set forth fully herein.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants admit only that Plaintiff was suspended from employment with PowerBack on or around February 13, 2020 and that Plaintiff's employment was terminated on or about March 2, 2020.  Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint that Plaintiff was wrongfully discharged/terminated, and with respect to the remaining allegations Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations and therefore deny them.

40.     Defendants admit only that Plaintiff's union mentioned a grievance involving Plaintiff.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 40 of the Complaint and therefore deny them.

41.     Defendants admit only PowerBack determined that Plaintiff's conduct warranted termination of employment.  Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint and its subparts, and specifically deny Plaintiff's characterization of the disciplinary actions of the pleaded individuals, including that the allegations characterize written documents that speak for themselves, and that such individuals are "similarly situated". With respect to Plaintiff's allegations that the pleaded individuals are cisgender, Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations and therefore deny them.

**WHEREFORE,** Defendants request that the Court enter judgment in their favor, dismiss the Complaint in its entirety with prejudice, award costs, and grant such other relief as the Court deems just and equitable.

## AS TO COUNT IV

43.     Defendants incorporate by reference their responses to the preceding paragraphs as though set forth fully herein.

44.     The allegations in Paragraph 44 of the Complaint and its subparts are conclusions of law to which no response is required.  To the extent Paragraph 44 and its subparts contain factual allegations, they are denied, including as follows with respect to the subparts:

        a.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 44(a) and therefore deny the allegations.

b.   Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 44(b) and therefore deny the allegations.

c.   Defendants deny the allegations in Paragraph 44(c) relating to Defendants.

d.   Defendants deny the allegations in Paragraph 44(d).

e.   Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 44(e) and therefore deny the allegations.

45.   The allegations contained in Paragraph 45 of the Complaint and its subparts are conclusions of law to which no response is required. To the extent Paragraph 45 and its subparts contains factual allegations, they are denied.

**WHEREFORE,** Defendants request that the Court enter judgment in their favor, dismiss the Complaint in its entirety with prejudice, award costs, and grant such other relief as the Court deems just and equitable.

## <u>AS TO COUNT V</u>

46.   Defendants incorporate by reference their responses to the preceding paragraphs as though set forth fully herein.

47.   Defendants deny the allegations in Paragraph 47 of the Complaint.

48.   Defendants deny the allegations in Paragraph 48 of the Complaint.

49.   Defendants deny the allegations in Paragraph 49 of the Complaint.

50.   Defendants admit only that Plaintiff was suspended from employment with PowerBack on or around February 12, 2020 and that Plaintiff's employment was terminated on or about March 2, 2020. Defendants deny the remaining allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint that Plaintiff was wrongfully discharged/terminated, and with respect to the remaining allegations Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations and therefore deny them.

53.     Defendants admit only that Plaintiff's union mentioned a grievance involving Plaintiff.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 53 of the Complaint and therefore deny them.

54.     Defendants admit only PowerBack determined that Plaintiff's conduct warranted termination of employment.  Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint and its subparts, and specifically deny Plaintiff's characterization of the disciplinary actions of the pleaded individuals, including that the allegations characterize written documents that speak for themselves, and that such individuals are "similarly situated". With respect to Plaintiff's allegations that the pleaded individuals are cisgender, Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations and therefore deny them.

**WHEREFORE,** Defendants request that the Court enter judgment in their favor, dismiss the Complaint in its entirety with prejudice, award costs, and grant such other relief as the Court deems just and equitable.

## AS TO COUNT VI

56.     Defendants incorporate by reference their responses to the preceding paragraphs as though set forth fully herein.

57.     The allegations contained in Paragraph 57 of the Complaint and its subparts are conclusions of law to which no response is required. To the extent Paragraph 57 and its subparts contains factual allegations, they are denied.

**WHEREFORE,** Defendants request that the Court enter judgment in their favor, dismiss the Complaint in its entirety with prejudice, award costs, and grant such other relief as the Court deems just and equitable.

## AS TO COUNT VII

58.     Defendants incorporate by reference their responses to the preceding paragraphs as though set forth fully herein.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants admit only that Plaintiff was suspended from employment with PowerBack on or around February 12, 2020 and that Plaintiff's employment was terminated on or about March 2, 2020.  Defendants deny the remaining allegations in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 64 of the Complaint and, therefore, deny the allegations.

65.     Defendants admit only that Plaintiff's union mentioned a grievance involving Plaintiff.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 65 of the Complaint and therefore deny them.

66.    Defendants admit only PowerBack determined that Plaintiff's conduct warranted termination of employment.  Defendants deny the remaining allegations in Paragraph 66 of the Complaint.

67.    Defendants deny the allegations in Paragraph 67 of the Complaint and its subparts, and specifically deny Plaintiff's characterization of the disciplinary actions of the pleaded individuals, including that the allegations characterize written documents that speak for themselves, and that such individuals are "similarly situated". With respect to Plaintiff's allegations that the pleaded individuals are cisgender, Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations and therefore deny them.

**WHEREFORE,** Defendants request that the Court enter judgment in their favor, dismiss the Complaint in its entirety with prejudice, award costs, and grant such other relief as the Court deems just and equitable.

## AS TO COUNT VIII

68.    Defendants incorporate by reference their responses to the preceding paragraphs as though set forth fully herein.

69.    The allegations in Paragraph 69 of the Complaint and its subparts are conclusions of law to which no response is required.  To the extent Paragraph 69 and its subparts contain factual allegations, they are denied, including as follows with respect to the subparts:

       a.    Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 69(a) and therefore deny the allegations.

b.      Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 69(b) and therefore deny the allegations.

c.      Defendants deny the allegations in Paragraph 69(c) relating to Defendants.

d.      Defendants deny the allegations in Paragraph 69(d).

e.      Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 69(e) and therefore deny the allegations.

70.      The allegations contained in Paragraph 70 of the Complaint and its subparts are conclusions of law to which no response is required. To the extent Paragraph 70 and its subparts contains factual allegations, they are denied.

**WHEREFORE,** Defendants request that the Court enter judgment in their favor, dismiss the Complaint in its entirety with prejudice, award costs, and grant such other relief as the Court deems just and equitable.

## <u>AS TO COUNT IX</u>

71.      Defendants incorporate by reference their responses to the preceding paragraphs as though set forth fully herein.

72.      Defendants deny the allegations in Paragraph 72 of the Complaint.

73.      Defendants deny the allegations in Paragraph 73 of the Complaint.

74.      Defendants deny the allegations in Paragraph 74 of the Complaint.

75.      Defendants admit only that Plaintiff was suspended from employment with PowerBack on or around February 12, 2020 and that Plaintiff's employment was terminated on or about March 2, 2020.  Defendants deny the remaining allegations in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 77 of the Complaint and therefore deny the allegations.

78.     Defendants admit only that Plaintiff's union mentioned a grievance involving Plaintiff.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 78 of the Complaint and therefore deny them.

79.     Defendants admit only PowerBack determined that Plaintiff's conduct warranted termination of employment.  Defendants deny the remaining allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint and its subparts, and specifically deny Plaintiff's characterization of the disciplinary actions of the pleaded individuals, including that the allegations characterize written documents that speak for themselves, and that such individuals are "similarly situated". With respect to Plaintiff's allegations that the pleaded individuals are cisgender, Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations and therefore deny them.

**WHEREFORE,** Defendants request that the Court enter judgment in their favor, dismiss the Complaint in its entirety with prejudice, award costs, and grant such other relief as the Court deems just and equitable.

## AS TO COUNT X

81.     Defendants incorporate by reference their responses to the preceding paragraphs as though set forth fully herein.

82.     The allegations contained in Paragraph 82 of the Complaint and its subparts are conclusions of law to which no response is required. To the extent Paragraph 82 and its subparts contains factual allegations, they are denied.

**WHEREFORE,** Defendants request that the Court enter judgment in their favor, dismiss the Complaint in its entirety with prejudice, award costs, and grant such other relief as the Court deems just and equitable.

## AS TO COUNT XI

83.     Defendants incorporate by reference their responses to the preceding paragraphs as though set forth fully herein.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants admit only that Plaintiff was suspended from employment with PowerBack on or around February 12, 2020 and that Plaintiff's employment was terminated on or about March 2, 2020. Defendants deny the remaining allegations in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 89 of the Complaint and therefore deny the allegations.

90.     Defendants admit only that Plaintiff's union mentioned a grievance involving Plaintiff. Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 90 of the Complaint and therefore deny them.

91.    Defendants admit only PowerBack determined that Plaintiff's conduct warranted termination of employment.  Defendants deny the remaining allegations in Paragraph 91 of the Complaint.

92.    Defendants deny the allegations in Paragraph 92 of the Complaint and its subparts, and specifically deny Plaintiff's characterization of the disciplinary actions of the pleaded individuals, including that the allegations characterize written documents that speak for themselves, and that such individuals are "similarly situated". With respect to Plaintiff's allegations that the pleaded individuals are cisgender, Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations and therefore deny them.

**WHEREFORE,** Defendants request that the Court enter judgment in their favor, dismiss the Complaint in its entirety with prejudice, award costs, and grant such other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Defendants, individually and collectively, assert the following affirmative and other defenses, and reserve the right to assert additional defenses and/or supplement, alter, amend, and change their Answer upon learning additional facts from various parties to this suit or upon completion of further discovery and investigation.

## FIRST AFFIRMATIVE DEFENSE

The Complaint as a whole, and each claim individually, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any action taken by Defendants with respect to Plaintiff, if any, was taken in good faith, in a reasonable manner and fashion, and for legitimate and lawful reasons.

## THIRD AFFIRMATIVE DEFENSE

Defendants did not breach or violate any duty owed to, or right of, Plaintiff under any law or statute.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant to the allegations contained in the Complaint, Defendants acted in full conformity with the applicable laws with respect to Plaintiff, and did not discriminate, retaliate or take any other illegal action against Plaintiff on the basis of any characteristic protected under the law.

## FIFTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory, retaliatory, and/or harassing behavior in the workplace, and Plaintiff unreasonably failed to take advantage of any such preventative or corrective opportunities, or to avoid harm otherwise.

## SIXTH AFFIRMATIVE DEFENSE

Defendants took no adverse action regarding Plaintiff because of any alleged, actual, or perceived disability or membership in any other protected category, or any alleged protected conduct by Plaintiff, nor did Plaintiff engage in any protected activity.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint is barred, in whole or in part, by the applicable statutes of limitations and/or Plaintiff's failure to exhaust or comply with the governing administrative remedies and procedural prerequisites to filing suit.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff did not seek a reasonable accommodation, and any failure to engage in the interactive process is due to Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate that Plaintiff's termination from employment was causally related to any exercise of protected activity by Plaintiff, which Defendants deny occurred.

### ELEVENTH AFFIRMATIVE DEFENSE

In the event that Plaintiff can demonstrate that an impermissible factor was a motivating factor in the employment decision that Plaintiff challenges, which Defendants deny, Plaintiff is not entitled to money damages or other relief because the same actions would have been taken in the absence of any impermissible factor, and accordingly there is no liability to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands and/or by the conduct of Plaintiff or another person for whom Defendants are not legally responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's Complaint is barred in whole/part by the doctrines of waiver, res judicata, estoppel, accord and satisfaction, fraud, release, and latches.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for any averred actions or omissions on the part of their employees/agents insofar as such persons were not acting within the scope of their employment/agency, and/or their actions were contrary to their good-faith efforts to comply with the anti-discrimination and other governing laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint as a whole, and each claim individually, fail to state a claim for compensatory or punitive damages, liquidated damages, equitable or injunctive relief, interest, costs or attorney's fees, nor is Plaintiff entitled to this relief under governing law and/or the facts of this case.

## SIXTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred in whole or in part by the exclusivity provision of the Pennsylvania Worker's Compensation Act, or comparable laws.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own acts, omissions or conduct, or by the acts, omissions or conduct of parties other than Defendants, about which Defendants had no knowledge and are not legally responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants did not cause Plaintiff to suffer any damages or losses.

## NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff failed to mitigate any alleged damages.

**WHEREFORE,** Defendants requests that the Court enter judgment in their favor, dismiss the Complaint in its entirety with prejudice, award costs, and grant such other relief as the Court deems just and equitable.

Respectfully submitted,

**GENOVA BURNS LLC**

Dated: April 12, 2021

/s/ *James Bucci*
By: James Bucci, Esq.
Lawrence Bluestone, Esq.
1600 Market Street, Suite 1650
Philadelphia, PA 19103
Tel: (215) 564-0444
Email: jbucci@genovaburns.com
Email: lbluestone@genovaburns.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Court's ECF system and forwarded through ECF to be served on all counsel of record.

/s/ *James Bucci*

Dated: April 12, 2021

#15898136v1 (23836.026)