IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE<br><br>        Plaintiff,<br><br>   v.<br><br>GENESIS HEALTHCARE and 1526 LOMBARD STREET SNF OPERATIONS, LLC d/b/a POWERBACK REHABILITATION 1526 LOMBARD STREET,<br><br>        Defendants. | CIVIL ACTION NO. 21-551 |

<u>MEMORANDUM OPINION</u>

**Rufe, J.**                                     April 23, 2021

   Plaintiff seeks to proceed in this employment discrimination lawsuit under the pseudonym "Jane Doe." Defendants do not oppose the motion. For the reasons stated below, the Court will grant Plaintiff's motion.

**I.**  **BACKGROUND**

   Plaintiff, a transgender woman, brings discrimination claims on the basis of her sex/gender identity and disability—gender dysphoria—against her former employer Genesis HealthCare and PowerBack Rehabilitation and Nursing Center. As set forth in the Complaint,[1] Plaintiff began working as a Certified Nursing Assistant for Defendants in February of 2019.[2] During Plaintiff's employment, she alleges that she was repeatedly misgendered, discriminated against, harassed, and ultimately terminated because of her gender identity. Plaintiff also alleges

---

[1] Although Defendants do not oppose Plaintiff's motion, they deny the allegations of discriminatory treatment.

[2] Compl. ¶ 14.

her supervisors would misgender her and refer to her with incorrect pronouns and tell patients to do so.[3]

Plaintiff alleges that the Director of Nursing falsely accused her of making a comment about another employee behind their back, and when Plaintiff denied it, was told "[y]ou look like someone that would say something like this."[4] Plaintiff then asked, "[w]hat does a person who would say something like that look like?" and was told "[a] person like you shouldn't be coming into work talking about anyone else's appearance," "[a] person like you should be coming into work staying below the radar, you are not here to get attention, you are here to do your work, and go home," "I don't care if you're offended," and "I don't care if your feelings are hurt."[5] Plaintiff alleges that because she did not admit to making comments about the other employee, she was suspended and eventually terminated in February of 2020.[6] Plaintiff alleges that her termination did not follow Defendants' progressive discipline system, which was afforded to other similarly situated employees.[7]

## II.   LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, every pleading must have a caption with the court's name, a title, file number, and Rule 7(a) designation.[8] The names of all parties must be listed in the caption of the complaint.[9] Courts have explained that this level of specificity is

---

[3] *Id.* ¶ 16(a).

[4] *Id.*

[5] *Id.*

[6] *Id.* ¶ 16(g)–(i).

[7] *Id.* ¶ 32(a)–(i).

[8] Fed. R. Civ. P. 10(a).

[9] *Id.*

necessary because of the long-held principle that "open and transparent proceedings [are] imperative to equitable outcomes."[10] Under this principle, citizens have a "right to know who is using their courts,"[11] and defendants have a "right to confront their accusers."[12]

Courts have long recognized, however, that the circumstances of a case, particularly where litigants may suffer extreme distress or danger from their participation in the lawsuit, may justify allowing a party to proceed under a pseudonym.[13] As one case stated 30 years ago, anonymity status has been granted in cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality."[14]

To proceed anonymously, a plaintiff must show a reasonable fear of severe harm.[15] The courts then apply a balancing test to determine if the plaintiff's reasonable fear of severe harm

---

[10] *Doe v. Triangle Doughnuts, LLC*, No. 19-5275, 2020 WL 3425150 472, at *3 (E.D. Pa. June 23, 2020) (quoting *Doe v. Univ. of Scranton*, No. 19-1486, 2020 WL 1244368, *1 (M.D. Pa. 2020).

[11] *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)).

[12] *Megless*, 654 F.3d at 408 (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)).

[13] Cases that have been found to meet the criteria for anonymity involve matters that are of "highly sensitive and personal nature, real danger of physical harm, or circumstances where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough." *Univ. of Scranton*, 2020 WL 1244368, at *1 (quoting *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998)).

[14] *Megless*, 654 F.3d at 408 (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)). *See also Doe v. Parx Casino*, No. 18-5289, Doc. No. 4 (E.D. Pa. Jan. 2, 2019) (permitting anonymity for lesbian female with a "masculine gender expression," in a hostile work environment and wrongful termination case, due to fear of retribution even though the plaintiff was openly gay); *Doe v. Dallas*, No. 16-787, Doc. No. 3 (E.D. Pa. Mar. 10, 2016) (anonymity permitted for transgender litigant alleging discrimination due to gender dysphoria under the Affordable Care Act); *Doe v. Romberger*, No. 16-2337, Doc. No. 8 (E.D. Pa. June 27, 2016) (anonymity permitted for transgender litigant challenging barriers to obtaining an accurate birth certificate); *Roe v. Tabu Lounge & Sports Bar*, No. 20-3688, Doc. No. 4 (E.D. Pa. Sept. 10, 2020) (anonymity permitted for non-binary transgender litigant in hostile work environment and wrongful termination case); *Doe and Roe v. Colonial Intermediate Unit 20*, et al., No. 20-1215, Doc. No. 21 (E.D. Pa. August 25, 2020) (anonymity permitted for both mother and non-binary transgender child in discrimination, failure-to-accommodate, and retaliation case against educational institutions).

[15] *Megless*, 654 F.3d at 408.

outweighs the public's interest in open litigation.[16] The Court of Appeals for the Third Circuit has set forth a non-exhaustive list of factors to consider. The factors favoring anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.[17]

By contrast, three factors disfavor anonymity:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.[18]

With regard to transgender people specifically, courts in this Circuit have allowed anonymity due to the private and intimate nature of being transgender as well as the widespread discrimination, harassment, and violence faced by these individuals.[19] Courts have balanced the

---

[16] *Id.* at 409.

[17] *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467–68 (E.D. Pa. 1997); *see Megless*, 654 F.3d at 409.

[18] *Provident Life*, 176 F.R.D. at 467–68; *see Megless*, 654 F.3d at 409.

[19] *The Gardens for Memory Care at Easton*, No. 18-4027, Doc. Nos. 3-4; *Triangle Doughnuts*, No. 19-5275, Doc. No. 23; *Doe v. Pa. Dep't of Corr.*, No. 19-1584, 2019 WL 5683437, at *2 (M.D. Pa. 2019) (allowing a transgender former employee to proceed anonymously in an employment discrimination case in which the employee alleged hostile work environment and constructive discharge resulting from episodes of misgendering, and anti-transgender discrimination and harassment). The court held that pseudonyms were generally appropriate in litigation surrounding transgender issues in particular, noting that "as litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously." *Id.*; *See also Doe v. Commonwealth of Pennsylvania*, No. 19-2193, Doc. No. 5 (M.D. Pa. Jan. 14, 2020) (relying on the decision in *Doe v. Department of Corrections*, the court concluded that anonymity was justified because the plaintiff in that case "fear[ed] that publicly disclosing his gender identity places him at risk of being subjected to social stigma and violent attacks," and that "keeping his name and address stricken from the pleadings would not impair the public's interest in following lawsuits or the opposing parties' interest in investigating the case.").

need for a public trial with the need for anonymity by requiring plaintiffs to disclose their legal names for purposes of conducting discovery and depositions. The court also may reconsider a grant of anonymity if circumstances change.[20]

### III. DISCUSSION

Plaintiff has demonstrated a reasonable fear of severe harm through her allegations of discrimination and significant harassment in her workplace based in part on her gender identity. Based on the *Provident Life* balancing test, five of the six factors favoring anonymity weigh strongly in Plaintiff's favor, while none of the disfavoring factors weigh against her.

#### A. Factors Favoring Plaintiff's Anonymity

Plaintiff has maintained her confidentiality since the commencement of this litigation in order to protect herself, which weighs in favor of anonymity. Plaintiff wants to live and present herself as female, and has only revealed the fact that she is transgender to counsel, close friends, family, treating physicians, employers to the extent necessary, and to administrative agencies regarding her driver's license and this lawsuit.[21] Plaintiff therefore has demonstrated that she keeps her transgender status confidential in a way that would justify anonymity on this basis.

By using a pseudonym, Plaintiff also seeks to avoid additional threats or future harmful interactions with co-workers based on her transgender status and similar to those that allegedly marked her employment with Defendants. This factor weighs in favor of anonymity because the potential harm to Plaintiff in the current situation were her identity revealed presents a reasonable and justifiable fear. Additionally, based on the allegations in the complaint, "Plaintiff

---

[20] *See Univ. of Scranton*, 2020 WL 1244368, at *3; *Pa. Dep't of Corr.*, 2019 WL 5683437, at *3.
[21] Pl. Mot. to Proceed Anonymously [Doc. No. 2] at 6–9.

sets forth a litany of comments and actions at work which she alleges were directed at her transgender status. . . ."[22]

Plaintiff has supported her motion for anonymity with statistical evidence and media reports describing the danger faced by transgender individuals in the community.[23] There is no reason to conclude that Plaintiff's desire to maintain anonymity is based on any ulterior motives rather than a desire to protect herself. Factors one, two, and six therefore support permitting Plaintiff to proceed anonymously.

As to factor three, the public interest in maintaining the confidentiality of the litigant's identity outweighs the need for public judicial proceedings because employment discrimination cases based on gender identity deal with essential societal issues of equity and personal value. Forcing Plaintiff to reveal her identity risks placing her in danger and if her identity were to be revealed, Plaintiff has stated that she would instead choose not to continue pursuing her claim.[24] It is also likely that other similarly situated litigants would be deterred from litigating these types of claims for the same reasons. The Court concludes that the threat of verbal and possible physical harm risks deterring a significant number of potential litigants, which would lead to claims being unresolved. As a result, factors three and five—the magnitude of public interest in maintaining litigant's anonymity and the undesirability of plaintiff's refusal to pursue the case at

---

[22] *Doe v. The Gardens for Memory Care at Easton*, No. 18-4027, Doc. No. 3 (E.D. Pa. Sept. 21, 2018); *see also Univ. of Scranton*, No. 19-01486, Doc. No. 24, at 5 ("In addition to the record containing no indication that the plaintiff's allegations are unfounded, the court is well-aware of the threat of violence that the LGBTQ community can face. As such, we find plaintiff's reasons compelling for allowing him to proceed anonymously").

[23] Pl. Mot. to Proceed Anonymously [Doc. No. 2] at 10–15.

[24] Pl. Decl., Ex. A [Doc. No. 2] at ¶ 1–4.

the price of being publicly identified—support permitting Plaintiff to proceed under a pseudonym.[25]

### B. Factors Disfavoring Plaintiff's Anonymity

The factors disfavoring anonymity—the universal level of public interest in access to the identities to the litigants, whether plaintiff is a public figure, or whether opposition to the pseudonym is illegitimately motivated—do not weigh against Plaintiff's use of a pseudonym.

The public interest to access the identity of the litigants in this case is low, and the Court finds the significant interest in protecting Plaintiff from the risk of harm outweighs the "universal" public right to access.[26] Plaintiff is not a public figure, which decreases the public's interest in knowing Plaintiff's identity, and Defendants do not oppose Plaintiff's desire to proceed under a pseudonym.

### IV. CONCLUSION

Upon consideration of the relevant factors, Plaintiff's motion is conditionally granted. If circumstances change such that a re-evaluation of the *Megless* factors is warranted, the Court will do so. An order will be entered.

---

[25] The Court finds that because the issue at hand is not purely legal in nature, under the circumstances of Plaintiff's case, factor four is neutral.

[26] *Univ. of Scranton*, No. 19-01486, Doc. No. 24 (M.D. Pa. Mar. 16, 2020) (concluding that although "[t]he public may have an interest in following the state of the law governing transgender people," the public "has very little interest in finding out the identity of a specific transgender person.").